IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alfonzo Bernard Richardson, | C/A No. 0:09-2799-CMC-PJG |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| A. J. Padula, Warden Lee County Correctional Institution, | |
| Respondent. | |

The petitioner, Alfonzo Bernard Richardson ("Richardson"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Richardson's motion for default judgment (Docket Entry 12) and the respondent's motion for summary judgment, as amended. (Docket Entries 20 & 25.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motions. (Docket Entries 22 & 29.) Richardson filed a response. (Docket Entry 35.) Having carefully considered the parties' submissions and the record in this case, the court finds that the respondent's motion for summary judgment should be granted.

## BACKGROUND

Richardson was indicted in August 2002 in Greenville County for burglary in the first degree (2002-GS-23-7905) and murder (2002-GS-23-7096). (App. at 130-33, Docket Entry 21-2 at 10-13.) Richardson was represented by Andrew Mackenzie, Esquire, and on January 4, 2005, pled guilty to

burglary in the first degree and voluntary manslaughter. (App. at 1-13, Docket Entry 21-1 at 3-15.) The circuit court sentenced Richardson to thirty years' imprisonment for burglary in the first degree and thirty years' imprisonment for voluntary manslaughter, both sentences to run concurrently. (App. at 13, Docket Entry 21-1 at 15.)

Richardson filed a direct appeal and was represented by Robert M. Dudek, Esquire, of the South Carolina Office of Appellate Defense. On May 31, 2006, Dudek filed an Anders[1] brief and a petition to be relieved as counsel. (App. at 134-143, Docket Entry 21-2 at 14-23.) In his Anders brief, appellate counsel presented the following issue: "Whether appellant's guilty plea should be vacated because it did not comply with the mandates of Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709 (1969)?" (App. at 137, Docket Entry 21-2 at 17; see also Docket Entry 21-3.) In addition, Richardson filed a *pro se* response to the Anders brief and an amended *pro se* response, which the South Carolina Court of Appeals accepted. In Richardson's *pro se* response, as amended, he raised the following issues:

> 1. Whether the circuit court erred by finding manslaughter as a lesser included offense of murder?
>
> 2. If plea court had subject matter jurisdiction to accept plea, was plea voluntarily and knowingly entered?
>
> 3. Whether the plea court lacked subject matter jurisdiction on the manslaughter as lesser included offense of murder since indictment asserts "malice aforethought," and grand jury found true bill with malice and no other bill was served?

---

[1] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

  4. Judge lacked subject matter jurisdiction and erred in his decreption [sic] by accepting plea and over looking error in actual variance of indictment and the evidence presented at trial?

  5. Whether <u>Boykin v. Alabama</u> is fair laws [sic] since capital defendants once pleading guilty still get direct review and actually lose no rights, in this state?

(Docket Entries 21-4, 21-5, & 21-6.) On May 22, 2007, the South Carolina Court of Appeals dismissed Richardson's appeal and granted appellate counsel's petition to be relieved as counsel. (<u>State v. Richardson</u>, 2007-UP-248 (S.C. Ct. App. May 22, 2007), App. at 144-45, Docket Entry 21-2 at 24-25; <u>see</u> also Docket Entry 21-7.)

  Richardson filed a *pro se* application for post-conviction relief ("PCR") on June 14, 2007. (<u>Richardson v. State of South Carolina</u>, 2007-CP-23-3778, App. at 15-20, Docket Entry 21-1 at 17-22.) In his application, Richardson alleged the following:

  (a) Ineffective assistance of counsel, <u>Strickland v. Washington</u>, [ . . . ];

  (b) Subject Matter Jurisdiction;

  (c) Prosecutorial Misconduct.

(App. at 17, Docket Entry 21-1 at 19.) Richardson amended his application to specify how his counsel was ineffective and also added a claim alleging that his guilty plea was involuntary. (App. at 23-31, Docket Entry 21-1 at 25-33.) The State filed a return. (App. at 37-40, Docket Entry 21-1 at 39-42.) On March 20, 2008, the PCR court held an evidentiary hearing at which Richardson was present and represented by Kenneth C. Gibson, Esquire. (App. at 42-119, Docket Entry 21-1 at 44-121.) At the start of the hearing Richardson indicated through counsel that the bases for his application were numerous claims of ineffective assistance of counsel, involuntariness of his guilty plea, and prosecutorial misconduct. (App. at 44-45, Docket Entry 21-1 at 46-47.) By order dated

April 8, 2008, the PCR judge denied Richardson's PCR application as to all issues raised. (App. at 121-129, Docket Entry 21-2 at 1-9.)

Richardson appealed and was represented by Lanelle Cantey Durant, Esquire, Appellate Defender for the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Durant filed a Johnson[2] petition for a writ of certiorari and petition to be relieved as counsel in which she presented the following issue: "Did the PCR court err in failing to find plea counsel ineffective for not insuring that petitioner's guilty plea was entered knowingly, intelligently, and voluntarily?" (Docket Entry 21-9 at 3.) Additionally, Richardson filed a *pro se* response to the Johnson petition in which he addressed the same issue raised by counsel. (Docket Entry 21-11.) Richardson also filed an amended *pro se* response to the Johnson petition, which was accepted by the South Carolina Supreme Court, presenting the following issues:

> 1. Whether P.C.R. court erred in failing to find plea counsel ineffective for erroneous and misleading advice rendered to applicant?
>
> 2. Whether P.C.R. court erred in failing to find plea counsel ineffective for advising me to lie to plea judge?
>
> 3. Whether plea counsel was ineffective giving me misleading and erroneous advice pertaining to critical exculpatory material?
>
> 4. Plea counsel was ineffective in and performance deficient in failing to object to States lead Detective Fuller, recommendation of sentencing?

(Docket Entry 21-12 at 5) (errors in original). By order dated August 6, 2009, the South Carolina Supreme Court denied Richardson's petition for a writ of certiorari and granted appellate counsel's motion to withdraw. (Docket Entry 23-13.)

---

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California to post-conviction appeals).

## FEDERAL HABEAS ISSUES

In Richardson's federal petition for a writ of habeas corpus, he raises the following issues:

**Ground One:** Involuntary guilty plea based on circuit judges failure to advise Appellant of the nature and crucial elements of each charge as is required by law.
>**Supporting Facts:** Applicant constitutional rights were violated because judge did not personally address me in open court to ascertain and ensure that I understood the nature and crucial elements of charges to enable me to make an knowingly and intelligent plea as required by law. Plea record is inadequate and silent.

**Ground Two:** Ineffective Assistance of counsel where counsel failed to object when lead detective recommended the max sentence violating plea agreement and 6 Amendment & 14 Amendment.
>**Supporting Facts:** Counsel failed to object to lead detective recommendation for the max sentence in violation of my constitutional right to effective assistance of counsel and my plea agreement when my understanding was there wouldn't be any Recommendations to sentencing in order for my plea and detective was a full participant in my plea negotiations with the solicitor And my Attorney.

**Ground Three:** Ineffective assistance of counsel due to Attorney failure to obtain Critical exculpatory material, investigate witnesses; and statements.
>**Supporting Facts:** Counsel denied me effective assistance of counsel in violation of my constitutional rights when he felled to advise me of critical exculpatory material in his possession in the form of a statement from witness Jeremiah Hicks, which was the critical and overriding factor in my decision to plead guilty when counsel told me he didn't have it when in fact he did. Had I been appraised of this I would not have plead but insisted on trial.

**Ground Four:** Ineffective Assistance of counsel where counsel advised and gave erroneous sentencing advice in relations to constitution rights and applications of law.
>**Supporting Facts:** Petitioner alleges counsel advised him not to inform the judge that he wasn't pleading guilty because he was guilty when I told him that I was gone to tell the judge. And counsel told me that the jury would disregard inconsistencies in statements & I would be convicted & receive a life sentence if I proceeded to trial.

(See Pet., Docket Entry 1 at 5-10) (errors in original).

# DISCUSSION

I.  **Motion for Default Judgment**

Richardson contends that because the respondent failed to timely respond to his habeas Petition, he is entitled to a default judgment. Richardson is in error. First, default judgments are generally not available in habeas actions. See Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); see also Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) (noting that "a default judgment is not contemplated in habeas corpus cases"); Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970) ("Rule 55(a) has no application in habeas corpus cases."); Garland v. Warden, 2008 WL 4834597 (D.S.C. 2008) (unpublished). Second, a review of the docket in this matter shows that the respondent's return was timely filed. (Docket Entry 18) (granting extension of time). The respondent's deadline to file a return was extended until March 1, 2010—the date on which the respondent filed its return and motion for summary judgment. Therefore, Richardson's motion (Docket Entry 12) should be denied.

II.  **Motion for Summary Judgment**

   A.  **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party

who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### B. Habeas Corpus Standard of Review

#### 1. Generally

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved

an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## 2.     Exhaustion Requirement

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice

as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

  **C.**  **Ground One**

In Richardson's first ground for relief, he alleges that his guilty plea was involuntary. The PCR court rejected this claim, finding that Richardson freely and voluntarily pled guilty. (See App. at 123-28, Docket Entry 21-2 at 3-8.) Reviewing this claim *de novo*, the court finds that it is without merit. See Marshall v. Lonberger, 459 U.S. 422, 431 (1983) (stating that voluntariness of a plea is a mixed question of law and fact appropriate for *de novo* review); Savino v. Murray, 82 F.3d 593 (4th Cir. 1996) (applying the *de novo* standard of review when considering the merits of a claim challenging the voluntariness of a guilty plea). In considering a state habeas claim challenging the voluntariness of a guilty plea, the Fourth Circuit has explained:

> The standard for determining whether a guilty plea is constitutionally valid is whether the guilty plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. In applying this standard, courts look to the totality of the circumstances surrounding the guilty plea, granting the defendant's solemn declaration of guilt a presumption of truthfulness. The Constitution requires the circumstances to reflect that the defendant was informed of all of the direct consequences of his plea. A plea may be involuntary if the defendant does not understand the nature of the constitutional rights he is waiving, or unintelligent if the defendant does not understand the charges against him.

Beck v. Angelone, 261 F.3d 377, 394 (4th Cir. 2001) (internal citations omitted).

Richardson argues that the plea judge failed to "personally address [him] in open court to ascertain and ensure that [he] understood the nature and crucial elements of charges." (Docket Entry 1 at 5.) Richardson contends that this failure violated Federal Rule of Criminal Procedure 11 and

therefore rendered his plea involuntary.³ (See Docket Entry 35 at 1-7.) The plea colloquy reveals that Richardson admitted that he was guilty and that the facts recited by the prosecutor were true. Richardson affirmed that he understood that he was waiving his right to a trial, was satisfied with counsel, and had not been coerced in any manner. Richardson also affirmed that counsel had reviewed the offenses with him. (See App. at 3-11, Docket Entry 21-1 at 5-13.) Further, during the PCR hearing, counsel testified that he met with Richardson several times, discussing discovery material, the State's evidence, possible defenses, and trial strategy. Counsel also stated that he thoroughly explained the evidence against Richardson and the elements of the charges against him. (App. at 86-87, Docket Entry 21-1 at 88-89.) The record, including the plea colloquy and the PCR transcript, indicates that Richardson was informed of and understood the nature and the consequences of his guilty plea. "Moreover, when a defendant making a guilty plea is represented by counsel, as [Richardson] was, his plea is strongly presumed to be valid in subsequent habeas proceedings." Savino, 82 F.3d at 603 (citing United States v. Custis, 988 F.2d 1355, 1363 (4th Cir. 1993)). Based on the foregoing, the court finds that the record demonstrates that Richardson's guilty plea was knowing and voluntary, and he is not entitled to habeas relief on this ground. See Boykin v. Alabama, 395 U.S. 238, 243-44 (1969) (finding that courts may not presume from a silent record a waiver of constitutional rights associated with a guilty plea, but must engage in a thorough,

---

³ The court observes that Rule 11 of the *Federal* Rules of Criminal Procedure does not by its terms apply to state criminal proceedings. See Miles v. Dorsey, 61 F.3d 1459, 1466-67 (10th Cir. 1995); Powell v. Wyrick, 744 F.2d 632, 635 n.1 (8th Cir. 1984); Williams v. Smith, 591 F.2d 169, 172 (2d Cir. 1979); Wade v. Coiner, 468 F.2d 1059, 1060 (4th Cir. 1972); 1A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 171 (4th ed. 2008) ("The procedural requirements of Rule 11 apply only to federal guilty pleas . . . . State courts need not follow the Rule 11 procedures, although they are bound by the constitutional requirements for a valid waiver and a valid guilty plea.").

PJG

on-the-record inquiry to establish that the defendant voluntarily and understandingly enters his guilty plea); see also Wade v. Coiner, 468 F.2d 1059, 1060 (4th Cir. 1972) (holding that "state judges may choose to engage in the colloquy mandated for their federal colleagues by Rule 11, but there is nothing in Boykin that requires them to do so" and denying habeas relief where the state judge ensured the defendant's attorney advised him of the nature of the charge and the consequences of his plea).

### D. Grounds Two through Four

#### 1. Ineffective Assistance of Counsel Generally

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the

Page 11 of 19

PJG

likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

With regard to a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To establish the prejudice prong of the Strickland test, a habeas petitioner who pled guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

### 2. Ground Two

In Richardson's second ground for relief, he alleges that plea counsel was ineffective in failing to object to the lead detective's comment to the trial court requesting that Richardson receive the maximum sentence allowable under the plea agreement. Richardson asserts that he understood that, as part of the plea agreement, there would not be any recommendations with regard to his sentence. This PCR court found this claim to be without merit.

During the PCR hearing, plea counsel testified that he believed that the lead detective's request had no effect on Richardson's sentencing. The PCR court observed that under the plea agreement, the maximum sentence agreed on by the parties was thirty years, which was the sentence levied by the sentencing judge. The PCR court found that Richardson failed to prove that plea counsel erred in failing to object to the request or that the detective's request prejudiced Richardson. (See App. at 124-128, Docket Entry 21-2 at 4-8.)



The plea transcript reveals that on the burglary charge the State recommended a sentence of no more than thirty years and that the voluntary manslaughter plea was "straight up." (App. at 4, Docket Entry 21-1 at 6.) Richardson affirmed that this was his understanding of the full plea agreement. Richardson appears to argue that the lead detective's request violated the plea agreement because he believed that no sentencing recommendations would be made from the State pursuant to his agreement. Richardson, relying on Santobello v. New York, 404 U.S. 257 (1971), contends that the PCR court misapplied clearly established federal law. Richardson argues that Santobello requires that a conviction be overturned if the State fails to keep all of the promises included in the plea agreement and therefore, counsel was ineffective in failing to object.

Upon thorough review of the parties' arguments and the record in this matter, the court finds that Richardson has not demonstrated that the PCR court unreasonably misapplied clearly established federal law in rejecting his claim or that the PCR court made objectively unreasonable factual findings in light of the evidence presented. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). The plea colloquy indicates that the full plea agreement consisted of the State's agreement that Richardson would be sentenced to no more than thirty years on the burglary charge (which carried a maximum sentence of life) and that Richardson was pleading "straight up" to manslaughter (which by state law carried a maximum sentence of thirty years), rather than murder (which carried a maximum sentence of life). No other conditions were placed on the record, and as stated above, Richardson affirmed that he understood this to be the full plea agreement. Richardson cannot demonstrate that plea counsel's failure to object was objectively unreasonable under Strickland in light of the state law that would have controlled the sentencing court's ruling on the objection. See, e.g., State v. Rikard, 638 S.E.2d 72 (S.C. Ct. App. 2006) (holding that the plea court did not err in

denying a defendant's request to withdraw her guilty plea where the defendant was pleading "straight up" without any negotiations or recommendations and the State indicated on the sentencing sheet that it would make no recommendation regarding sentencing but then requested that the court impose the maximum sentence); Sprouse v. State, 585 S.E.2d 278 (S.C. 2003) (discussing South Carolina's bright line rule that review of the terms of an oral plea agreement are limited to those terms set forth in the record).

Moreover, even if plea counsel were deficient, Richardson has failed to demonstrate that he was prejudiced. The sentencing judge sentenced Richardson within the parameters of the plea agreement and Richardson cannot show that his sentence would have differed if plea counsel had objected to the lead detective's statement or that Richardson would have insisted on going to trial. Accordingly, Richardson has failed to show that his plea counsel's representation fell below the standard of professional reasonableness and that his alleged failure to object prejudiced Richardson.[4] See Strickland, 466 U.S. at 687; Burket, 208 F.3d at 189. Therefore, he is not entitled to federal habeas relief on this ground.

### 3. Ground Three

In Richardson's third ground for relief, he alleges that plea counsel was ineffective in failing "to obtain critical exculpatory material, investigate witnesses[,] and statements." (Pet., Docket Entry 1 at 8.) Specifically, Richardson asserts that plea counsel "failed to advise me of critical exculpatory material in his possession in the form of a statement from witness Jeremiah Hicks." (Id.)

---

[4] Furthermore, Richardson's reliance on Santobello is misplaced, as the issue presented here is not a freestanding direct appeal issue and, in any event, the case is factually distinguishable. For example, in Santobello, the State did not contest that the prosecutor promised that there would be no sentence recommendation.



Richardson argues that if he had been aware of this statement, he would have insisted on going to trial.

The respondent first contends that this ground is procedurally barred because he did not raise this issue in his *pro se* response to the Johnson petition. In response to summary judgment, Richardson appears to clarify this issue and asserts that this ground rests on the same underlying facts as his third claim in his *pro se* response to the Johnson petition. To the extent that Richardson's claim is limited to the issue presented his response to the Johnson petition, the court finds that it is not procedurally barred because it was fairly presented to the PCR court and to the state appellate court. However, to the extent that Richardson is attempting to present arguments for the first time in this Petition—such as arguing that counsel was ineffective in failing to advise him that he possessed exculpatory evidence—his claims are procedurally barred unless he can demonstrate cause and prejudice or that a fundamental miscarriage of justice will occur, which he has not alleged. See Coleman, 501 U.S. at 750 (requiring a petitioner to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice" for a procedurally defaulted claim to be considered); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding").

The PCR court considered Richardson's ineffective counsel allegations with regard to Jeremiah Hicks. Richardson pled guilty on January 4, 2005. Plea counsel testified that he did not become aware of Hicks until early December 2004. Plea counsel further testified that Hicks told the



police that he overheard Richardson making admissions of guilt; however, plea counsel understood that there was no written statement from Hicks—only notes from a police interview. Plea counsel stated that based on his own notes, he must have informed Richardson what Hicks would testify to at trial. Richardson testified that he did not know what Hicks would testify to, which was a critical factor in his deciding to plead guilty. The PCR court found that Richardson's testimony was not credible and plea counsel's testimony was credible. The PCR court concluded that Richardson failed to demonstrate that plea counsel "in any way mishandled the situation concerning Jeremiah Hicks" and that Richardson's plea was a free and voluntary guilty plea. (App. at 127, Docket Entry 21-2 at 7.)

The crux of Richardson's argument on this ground appears to be that the PCR court erred in determining that plea counsel was credible. In support of this argument, Richardson attempts to point out inconsistencies in plea counsel's testimony. After a thorough review of the transcript, the court finds that Richardson has failed to demonstrate that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d)(2), (e)(1); see also Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003) (stating that credibility determinations, such as those made by the state PCR court, are factual determinations); Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."). Further, Richardson has failed to demonstrate that the PCR court unreasonably misapplied clearly established federal law in rejecting his claim. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d)(1). Richardson has failed to show that his plea counsel's representation fell below the standard of professional reasonableness and that

his advice constituted ineffective assistance of counsel. See Strickland, 466 U.S. at 687; Burket, 208 F.3d at 189.

### 4. Ground Four

Finally, Richardson contends that plea counsel was ineffective in instructing him not to tell the plea judge that he was not pleading because he was guilty, but rather because of plea counsel's advice that if he went to trial he would be convicted and receive a life sentence. However, this claim was not ruled on by the PCR court and Richardson did not file a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations. Therefore, it was not preserved for appellate review under state procedural rules. See Humbert v. State, 548 S.E.2d 862, 866 (S.C. 2001) (holding that an issue must be raised to and ruled on by the PCR court to be preserved for appellate review); Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review . . . ."). Based on all of these reasons, Richardson has not properly exhausted this ground and it would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722. Thus, this claim is not properly exhausted and is procedurally barred from federal habeas review unless Richardson can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," which he has not alleged. See Coleman, 501 U.S. at 750.

Although Richardson argues that he believed this ground was ruled on and preserved for appellate review under the PCR court's heading "All Other Allegations," even if this ground were



properly exhausted, Richardson is not entitled to habeas relief. During the PCR hearing, plea counsel testified that he told Richardson that "if you are going to plead guilty, you must admit that you are guilty. You can't go in there and try to do a guilty plea and say, no, I didn't do it. If you are pleading guilty, you must admit your guilt." (App. at 90, Docket Entry 21-1 at 92.) Plea counsel further stated that if Richardson did not wish to proceed with the guilty plea, he was prepared to immediately proceed to trial. (Id.) As stated above, the PCR court found that plea counsel's testimony was credible and Richardson has failed to demonstrate that this finding was objectively unreasonable. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d)(2), (e)(1); see also Wilson, 352 F.3d at 858; Cagle, 520 F.3d at 324. Richardson has failed to provide any support for his assertion that plea counsel instructed him to lie to the plea judge. Accordingly, Richardson cannot show that his plea counsel's representation fell below the standard of professional reasonableness and that his counsel was ineffective. See Strickland, 466 U.S. at 687; Burket, 208 F.3d at 189.

## RECOMMENDATION

For the foregoing reasons, the court recommends that Richardson's motion for default judgment (Docket Entry 12) be denied and the respondent's motion for summary judgment, as amended, (Docket Entries 20 & 25) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 14, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).