IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Alfonzo Bernard Richardson, #271264, | ) | C/A NO. 0:09-2799-CMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| A.J. Padula, Warden Lee County Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On July 14, 2010, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed a motion to amend on July 20, 2010 (Dkt. # 40), and objections to the Report on August 12, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

1

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of the record of this matter, and considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order except as noted below.

This court's review of the decision of the state court denying relief on Ground One is limited to whether its decision

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or [ ] resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (plurality opinion) (discussing § 2254(d)). In addressing a similar claim raised by a petitioner asserting a voluntariness of plea claim, the Fourth Circuit noted that "[t]he issue before us is whether the [state court's determination of the voluntariness of the plea] is contrary to or an unreasonable application of applicable federal law, as determined by the Supreme Court." *Appleby v. Warden, N. Reg'l Jail and Corr. Facility*, 595 F.3d 532, 536 (4th Cir. 2010). Therefore, for the reasons argued by Respondent in his Return, which this court finds to be correct, Petitioner is not entitled to relief on Ground One. *See* Resp't Amd. Return at 21-24 (Dkt. # 27, filed Mar. 12, 2010).

**CONCLUSION**

2

Respondent's motion for summary judgment is **granted** and this petition is dismissed with prejudice.[1]

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 26, 2010

---

[1] Petitioner filed a motion for default (Dkt. #12, filed Jan. 6, 2010). As Respondent's Return was timely filed, this motion is **denied**. Petitioner also filed a "Motion to Alter or Amend Judgment." Dkt. #40 (filed July 20, 2010). This motion is, in reality, a request for this court to specifically review portions of the Memorandum in Support of his § 2254 petition. This motion is **moot** as the court has considered the full record of this matter.